IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| M & F LITTEKEN CO., | § § § § |
| v. | § § CIVIL ACTION NO. 7:24-CV-00043-O |
| JAMES LANE AIR CONDITIONING COMPANY, LLC D/B/A JAMES LANE AIR CONDITIONING, | § § § § § § § |

**PLAINTIFF M & F LITTEKEN CO.'S FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, M & F Litteken Co, and files this its First Amended Complaint Petition against Defendant James Lane Air Conditioning Company, LLC d/b/a James Lane Air Conditioning, and for cause of action would respectfully show the Court as follows:

**I.
JURISDICTION AND VENUE**

1. Plaintiff challenges the existence of diversity jurisdiction in this case. Defendant removed this case from from state court, and Plaintiff will be filing a Motion for Remand.

**II.
PARTIES**

2. M & F Litteken Co. ("Litteken") Litteken is a Texas corporation with its principal place of business at 1804 East Scott Street, Wichita Falls, Texas 76301.

3.      James Lane Air Conditioning Company, LLC d/b/a James Lane Air Conditioning ("James Lane"), is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Wichita Falls, Texas.

### III.
### BACKGROUND FACTS

4.      On or around September 7, 2021, Litteken, as Construction Manager at Risk, entered into a contract with Wichita County, as Owner (the "Prime Contract"), whereby Litteken would renovate the Wichita County Courthouse located at 900 7th Street, Wichita Falls, Texas 76301 (the "Project").

5.      On or around September 30, 2021, Litteken entered into a subcontract with James Lane, whereby James Lane would furnish all materials and perform all necessary work for the plumbing, HVAC, and fire suppression systems (the "Subcontract").

6.      While working on the Project, on or around March 28, 2023, James Lane irresponsibly cut a live water line, which resulted in significant flooding of, and damage to, the Wichita County Courthouse. As a result of James Lane's negligence and failure to perform in a good and workmanlike manner, Litteken has incurred, and will incur, significant costs and expenses for cleanup, emergency repairs, temporary courtroom modifications, and courtroom and office reconstruction. As a result of the flooding, Litteken had to cleanup, remove the water, and remove and replace ceilings, flooring, sheetrock, ceilings, and paint. The total costs and expenses of that work are $86,141.67. Due the damage and delay caused by James Lane, Litteken was also required to build a larger temporary courtroom than had been

originally intended (since it would be needed for a much longer period of time). The cost of the larger temporary courtroom is $160,921.00. Finally, the flood damage required Litteken to reconstruct the 30th District Court at a cost of $990,405.00. In addition, the owner, Wichita County, has incurred significant costs and expenses of its own.

7. Litteken demanded that James Lane defend and indemnify Litteken for all claims and damages caused by James Lane's negligence, wrongful acts, and failure to perform in a workmanlike manner. However, James Lane has failed and refused to defend and indemnify Litteken.

## IV.
## COUNT ONE - BREACH OF CONTRACT

8. All sections and paragraphs of this Petition above are incorporated by reference the same as if fully set forth at length herein.

9. Litteken fully performed, substantially performed, or has been excused from performing, its obligations under the Subcontract. James Lane breached the Subcontract by (1) failing to perform in a good workman like manner; and (2) failing to indemnify and defend Litteken pursuant to the Subcontract.

10. Due to James Lane's breaches of the Subcontract, Litteken has incurred, and will incur, significant costs and expenses for cleanup, emergency repairs, temporary courtroom modifications, and courtroom and office reconstruction. As a result of the flooding, Litteken had to cleanup, remove the water, and remove and replace ceilings, flooring, sheetrock, ceilings, and paint. The total costs and expenses of that work are $86,141.67. Due the damage and delay caused by James Lane,

Litteken was also required to build a larger temporary courtroom than had been originally intended (since it would be needed for a much longer period of time). The cost of the larger temporary courtroom is $160,921.00. Finally, the flood damage required Litteken to reconstruct the 30th District Court at a cost of $990,405.00.In addition, the owner, Wichita County, has incurred significant costs and expenses of its own for which James Lane is responsible. Litteken is entitled to judgment against Defendant James Lane for all such costs and expenses, together with attorney's fees and interest at the highest lawful rate.

## V.
## COUNT TWO - BREACH OF IMPLIED WARRANTY

11.   All sections and paragraphs of this Petition above are incorporated by reference the same as if fully set forth at length herein.

12.   By improperly and negligently cutting a live water line and causing extensive water damage to the Wichita County Courthouse, James Lane breached its implied warranty that James Lane would perform in a good and workmanlike manner.

13.   Due to James Lane's breach of its implied warranty, Litteken has incurred, and will incur significant costs and expenses for cleanup, emergency repairs, temporary courtroom modifications, and courtroom and office reconstruction. As a result of the flooding, Litteken had to cleanup, remove the water, and remove and replace ceilings, flooring, sheetrock, ceilings, and paint. The total costs and expenses of that work are $86,141.67. Due the damage and delay caused by James Lane, Litteken was also required to build a larger temporary courtroom than had

been originally intended (since it would be needed for a much longer period of time). The cost of the larger temporary courtroom is $160,921.00. Finally, the flood damage required Litteken to reconstruct the 30th District Court at a cost of $990,405.00. In addition, the owner, Wichita County, has incurred significant costs and expenses of its own for which James Lane is responsible. Litteken is entitled to judgment against Defendant James Lane for all such costs and expenses, together with attorney's fees and interest at the highest lawful rate.

## VI.
## COUNT THREE – NEGLIGENCE

14. All sections and paragraphs of this Petition above are incorporated by reference the same as if fully set forth at length herein.

15. In the alternative to the causes of action plead above, Litteken would show that James Lane was negligent in the performance of its work. James Lane owed a duty to Litteken to use reasonable care in performing its work on the Project. James Lane negligently performed its work and breached its duty by cutting through a live water pipe. Such negligence was the proximate cause of Litteken's injury, as it caused significant water damage to the Wichita County Courthouse.

16. As a result of the water damage, Litteken has incurred, and will incur, significant costs and expenses for cleanup, emergency repairs, temporary courtroom modifications, and courtroom and office reconstruction. As a result of the flooding, Litteken had to cleanup, remove the water, and remove and replace ceilings, flooring, sheetrock, ceilings, and paint. The total costs and expenses of that work are $86,141.67. Due the damage and delay caused by James Lane, Litteken was also

required to build a larger temporary courtroom than had been originally intended (since it would be needed for a much longer period of time). The cost of the larger temporary courtroom is $160,921.00. Finally, the flood damage required Litteken to reconstruct the 30th District Court at a cost of $990,405.00. In addition, the owner, Wichita County, has incurred significant costs and expenses of its own for which James Lane is responsible. Litteken is entitled to judgment against Defendant James Lane for all such costs and expenses, together with attorney's fees and interest at the highest lawful rate.

## VII.
## ATTORNEY'S FEES

17. All sections and paragraphs of this Petition above are incorporated by reference the same as if fully set forth at length herein.

18. More than thirty days have elapsed since Plaintiff made demand payment of and from Defendant. Plaintiff employed the undersigned attorneys to represent Plaintiff and agreed to pay said attorneys a reasonable fee for their services. Pursuant to the Subcontract and Texas law, including Chapter 38 of the Texas Civil Practice and Remedies Code, Plaintiff is entitled to reasonable attorney's fees for services rendered through and including the time of trial, and for services rendered in connection with any post-trial motions, any appeal to the Court of Appeals, any petition for review to the Texas Supreme Court, and for any argument before the Court of Appeals or the Texas Supreme Court.

## VIII.
## CONDITIONS PRECEDENT

19. All conditions precedent to Plaintiff's entitlement and recovery of the relief requested herein have occurred or have been excused.

WHEREFORE, PREMISES CONSIDERED, M & F Litteken Co. prays that James Lane Air Conditioning Company, LLC, be cited to appear and answer, and that upon final hearing Plaintiff have judgment against said Defendant for all damages pled above, plus prejudgment and post-judgment interest, reasonable attorney's fees, and all costs of court, and for such other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Date: July 8, 2024                                  Respectfully submitted,

*/s/ Jason R. Kennedy*
Jason R. Kennedy
Texas Bar No. 24027100
Patricia Griffith
Texas Bar No. 24103126
**LAPEROUSE KENNEDY, P.C.**
5220 Spring Valley Rd., Suite 615
Dallas, Texas 75254
214-396-1099 (Main)
Jason.Kennedy@laperouselaw.com
Patricia.Griffith@Laperouselaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify on this 8th day of July 2024, that a true and correct copy of this document will be served on all counsel of record via ECF.

*/s/ Jason R. Kennedy*
Jason R. Kennedy